IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ASHLI FEACHER | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. No.: _____ |
| | § | |
| EMSL ANALYTICAL, INC. AND | § | |
| TOTAL SAFETY, U.S., INC. | § | |
|     Defendants. | § | |

### DEFENDANT EMSL ANALYTICAL, INC.'S NOTICE OF REMOVAL

Defendant EMSL Analytical, Inc. (hereafter "Defendant"), files this Notice of Removal pursuant to 28 U.S.C. § 1441.

### I. INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 60th Judicial District, Jefferson County, Texas, where this matter is pending under Cause No. B-199245, in a matter styled *Ashli Feacher v. EMSL Analytical, Inc. and Total Safety, U.S., Inc.*

### II. NATURE OF SUIT

2. Plaintiff's lawsuit arises from an alleged exposure to mold that resulted in her hospitalization on December 31, 2015. *See* Exhibit A, Pl.'s Orig. Pet., ¶ V. Prior to her hospitalization, Plaintiff was working for the Beaumont Independent School District. *Id.* Plaintiff alleges Defendant negligently performed repairs, inspections, and or maintenance at the middle school where she was a teacher. *Id.* Plaintiff further alleges that she has suffered severe pain and disabling injuries including reproductive issues, respiratory issues, organ and vein damage, and memory loss. *Id.* She further claims to have suffered loss of earning capacity in the past and future. *Id.* Plaintiff also claims that Defendant was grossly negligent. *See* Exhibit A, Pl.'s Orig. Pet. ¶ IX.

### III.  FEDERAL DIVERSITY JURISDICTION

3. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).  The captioned matter is a suit between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars, exclusive of interest and costs.

**A.  Complete Diversity of Citizenship**

4. Plaintiff is a citizen of the State of Texas.

5. Defendant EMSL Analytical, Inc. is a New Jersey corporation with its principal place of business in New Jersey.

6. Defendant Total Safety, U.S., Inc. has its principal place of business in Texas.

**B.  Improper Joinder**

7. A plaintiff cannot join a non-diverse defendant in a suit to defeat diversity jurisdiction unless she has a viable claim against that defendant and alleges sufficient facts to establish that claim.  *First Baptist Church of Mauriceville, Tex. v. GuideOne Mutual Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *5 (E.D. Tex. Sept. 29, 2008).  Plaintiff's sole statement about Total Safety, U.S., Inc. is that it "performed repairs, inspections, and/or maintenance at Vincent Middle School, for mold and other dangerous contaminants and/or substances."  *See* Exhibit A, Pl.'s Orig. Pet., ¶ V.

8. Based upon information and belief, it is not possible for Plaintiff to recover from Total Safety, U.S., Inc.  Plaintiff filed a workers' compensation claim against her employer, the Beaumont Independent School District.  In that claim, she alleges her date of injury is November 9, 2015.  Beaumont Independent School District responded to Plaintiff's workers' compensation claim by hiring Total Safety, U.S., Inc. to test the air quality in the classroom where Plaintiff worked.  Total Safety, U.S., Inc. performed this work on December 10, 2015—more than a month after the date Plaintiff alleges she suffered an injury.  Because Plaintiff sustained her

injury one month prior to any involvement by Total Safety, U.S., Inc., she cannot establish the elements of duty, breach, or causation to prevail on her negligence claim.

9. For the purposes of determining diversity of citizenship, the citizenship of Total Safety, U.S., Inc. should be ignored. This defendant is not required to join in this Notice of Removal because it was improperly joined as a defendant. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

**C. Amount in Controversy**

10. Plaintiff states she was hospitalized on December 31, 2015 and asserts she sustained "severe, painful and disabling injuries, including reproductive issues, respiratory issues, organ and vein damage, memory loss, [and] excessive headaches." *See* Exhibit A, Pl.'s Orig. Pet., ¶ V. Plaintiff alleges that Defendant is liable for her past medical bills and expenses, future medical bills and expenses, loss of earnings and loss of earning capacity, mental anguish, physical pain and suffering, disability, physical impairment in the past and future, and loss of enjoyment of life in the past and future. *See* Exhibit A, Pl.'s Orig. Pet., ¶ VIII. Accordingly, it is facially apparently that Plaintiff's claims exceed the $75,000.00 threshold to establish the amount in controversy requirement. *Ray Mart, Inc. v. Stock Building Supply of Texas, LP*, 435 F. Supp. 2d 578, 586 (E.D. Tex. 2006).

## IV.  NOTICE IS PROCEDURALLY CORRECT

11. Plaintiff commenced this lawsuit by filing her Original Petition on November 7, 2016. Defendant was served with Plaintiff's Original Petition via process on Corporation Service Company on November 14, 2016. *See* Exhibit B. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after Defendant received a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

12. Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) as follows:

    A: A completed civil cover sheet; and

    B: Index of all attachments: Defendant has submitted a request to the district clerk of Jefferson County and will supplement this Notice of Removal as soon as the complete file is received from the state court. *See* Exhibit C.

13. In accordance 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be given to all parties and to the Clerk of the 60th Judicial District Court in Jefferson County, Texas.

14. Exhibit D attached hereto contains information required by Local Rule CV-81(c).

WHEREFORE, Defendant EMSL Analytical, Inc. removes this action from the 60th District Court of Jefferson County, Texas to the United States District Court for the Eastern District of Texas.

Respectfully submitted,

**GLAST, PHILLIPS & MURRAY, P.C.**

BY:   /s/ Joseph D. Zopolsky
      Joseph D. Zopolsky
      State Bar No. 24033500
      James C. Erdle, Jr.
      State Bar No. 24069680
      Monica F. Ramirez
      State Bar No. 24068621

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
972.419.8300
972.419.8329 facsimile
jzopolsky@gpm-law.com
jerdle@gpm-law.com
mramirez@gpm-law.com

COUNSEL FOR DEFENDANT
EMSL ANALYTICAL, INC.

## CERTIFICATE OF SERVICE

     Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule CV-5(d), a true and correct copy of the foregoing document was electronically filed with the court and service was effectuated by virtue of electronic filing to counsel of record on this 14th day of December 2016.

/s/ Joseph D. Zopolsky
Joseph D. Zopolsky