FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/7/2016 9:16:05 AM
JAMIE SMITH
DISTRICT CLERK
B-199245

CAUSE NO. 199245

| | | |
|---|---|---|
| ASHLI FEACHER | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| EMSL ANALYTICAL, INC. AND | § | |
| TOTAL SAFETY, U.S., INC. | § | 60th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ASHLI FEACHER, hereinafter referred to as Plaintiff, and files this her Original Petition complaining of EMSL ANALYTICAL, INC. AND TOTAL SAFETY, U.S., INC., hereinafter referred to as Defendants, and for cause of action, would respectfully show the Court the following:

I.

Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure 190.

II.

Plaintiff is a resident of Beaumont, Jefferson County, Texas.

Defendant, EMSL ANALYTICAL, is a corporation doing business in the State of Texas and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Defendant, TOTAL SAFETY, U.S., INC., is a corporation doing business in the State of Texas and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

EXHIBIT A

III.

The Court has jurisdiction over the controversy because the damages are in excess of the minimum jurisdictional limits of the Court.

IV.

Venue is proper in Jefferson County, Texas because a substantial part of the events or omissions giving rise to the claim occurred in said county.

V.

On or about December 31, 2015, Plaintiff was hospitalized based on results of mold testing performed at St. Elizabeth Hospital in Beaumont, Texas.  She was exposed to such mold while working in the course and scope of her employment with Beaumont Independent School District as a teacher at Vincent Middle School in Beaumont, Texas.  While performing her duties, she was exposed to mold and/or other contaminants which caused her severe physical illness, including but not limited to exacerbating and/or aggravating her pre-existing Sickle Cell Disease.  Defendants, EMSL ANALYTICAL, INC. AND TOTAL SAFETY, U.S., INC., performed repairs, inspections, and/or maintenance at Vincent Middle School, for mold and other dangerous contaminants and/or substances.

Plaintiff would show that because of the negligence and carelessness of the Defendants which existed and were allowed to exist at the job site, Plaintiff was caused to suffer the severe, painful and disabling injuries, including reproductive issues, respiratory issues, organ and vein damage, memory loss, excessive headaches.

Plaintiff would further show that she was gainfully employed at the time of the incident in question and has suffered damages from loss of earnings and loss of earning capacity in the past and that her capacity to earn wages in the future has been substantially impaired and injured as a result of this incident.

2

VI.

Plaintiff alleges that Defendants, EMSL ANALYTICAL, INC. AND TOTAL SAFETY, U.S., INC., through their respective agents, servants, and/or employees negligently caused or negligently permitted such condition to exist, in spite of the fact that Defendants knew, or in the exercise of ordinary care should have known, of the existence of the condition, and should have warned or remedied such condition.

VII.

At all times material to this lawsuit, and specifically on the occasion in question, Defendants and its agents, servants and employees who were at all times acting in the course and scope of their employment, were guilty of negligence, recklessness, and gross negligence toward Plaintiff in the following respects:

a.   In failing to warn Plaintiff that a dangerous condition existed which required that a higher standard of care be taken by Plaintiff, after taking the responsibility to do the same;

b.   In failing to warn of a dangerous condition that posed an unreasonable risk of harm to Plaintiff;

c.   Failing to implement or suggest policies and procedures regarding workplace safety, including but not limited to policies involving proper maintenance and inspections for dangerous conditions;

d.   In failing to properly maintain premises in a safe condition;

e.   In failing to properly inspect premises;

f.   In failing to correct a dangerous condition;

g.   In failing to properly train its personnel as it pertains to identifying and correcting this dangerous condition;

h.   Failing to train its employees regarding the above-referenced policies and procedures;

i.   Failing to supervise its employees to make sure the above-referenced policies and procedures were followed;

3

j.   Hiring careless and/or incompetent managerial staff who failed to provide the necessary policies, training, and/or supervision.

k.   In failing to properly instruct and supervise its personnel after it learned of the dangerous condition;

l.   In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

Each of the foregoing negligent acts and omissions whether taken singularly or in combination was a proximate cause of Plaintiff's injuries and damages, which are described herein.

VIII.

As a proximate result of the incident made the basis of this suit and Defendants' negligent acts and conduct, the Plaintiff brings this suit against the Defendants to recover damages for the following items:

(1)   Past medical bills and expenses incurred as a proximate result of the incident made the basis of this suit;

(2)   Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the incident made the basis of this suit;

(3)   Mental anguish, physical pain and suffering, disability, and loss of enjoyment of life in the past and all reasonable probability, would be sustained in the future;

(4)   Physical impairment in the past and in the future;

(5)   Loss of earnings and loss of earning capacity;

(6)   Pre-judgment and post-judgment interest; and

(7)   Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

The above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendants herein.

4

IX.

Plaintiff further alleges that the Defendants' acts and/or omissions, as described herein, were the result of the Defendants' heedless and reckless disregard for the rights of Plaintiff. The Defendants' acts and/or omissions when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. By reason of the Defendants' gross negligence and malice, Plaintiff hereby seeks recovery of exemplary damages.

X.
## REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

### RULE 193.7 NOTICE

Plaintiff hereby puts Defendants on notice that Plaintiff intends to use all Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rules of Civil Procedure 193.7

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ASHLI FEACHER, prays that the Defendants, EMSL ANALYTICAL, INC. AND TOTAL SAFETY, U.S., INC., be cited to appear and answer herein as the law directs, and that upon final hearing and trial by jury, Plaintiff has and recover of and from the Defendants her items of damages which are in excess of the minimum jurisdictional limits of this Court, together with costs of Court and pre-judgment and post-judgment interest, and that Plaintiff be entitled to such other and further relief, both at law and in equity, to which she may show herself justly entitled.

5

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
490 Park Street
P.O. Box 4905
Beaumont, Texas  77704
(409) 835-6000
Telefax: (409) 813-8605

By: _____

      JAMES E. PAYNE
      State Bar No. 00788171
      RONNIE TURNER, JR.
      State Bar No. 24075533

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

_____
RONNIE TURNER, JR.

6